15-2898-cv
McLeod v. Jewish Guild for the Blind

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of July, two thousand seventeen.

PRESENT:
> PETER W. HALL,
> GERARD E. LYNCH,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges*.

---

Easter S. McLeod,

> *Plaintiff-Appellant*,

v.                                                        No. 15-2898-cv

The Jewish Guild for the Blind,

> *Defendant-Appellee*,

Dr. Alan R. Morse, CEO Executive Office, Goldie Dersh, VIP Behavioral Health Services, Psychiatric Clinic, Melissa Farber, VIP Human Resources, Donald Dettmer, Program Coordinator,

> *Defendants*.

---

| | |
|---|---|
| **FOR APPELLANT:** | ADRIENNE B. KOCH, Elan R. Dobbs, Joseph Weiner, Katsky Korins LLP, New York, NY. |
| **FOR APPELLEES:** | RAVINDRA K. SHAW, Jennifer B. Courtian, Jackson Lewis P.C., New York, NY. |

---

Appeal from a judgment of the United States District Court for the Southern District of New York (Pauley and Woods, *JJ.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and the matter **REMANDED**.

Plaintiff-Appellant Easter S. McLeod challenges the district court's decision granting summary judgment in favor of her former employer, The Jewish Guild for the Blind, on her claims of sex discrimination and sexual harassment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* This summary order addresses the district court's disposition of those claims. In an accompanying per curiam opinion, we address the district court's conclusion that the complaint did not assert claims under state and local anti-discrimination statutes. We assume the parties' familiarity with the procedural history of this matter, the underlying facts, and the issues on appeal.

We review a grant of summary judgment de novo. *Tolbert v. Smith*, 790 F.3d 427, 434 (2d Cir. 2015) (citing *Velazco v. Columbus Citizens Found.*, 778 F.3d 409, 410 (2d Cir. 2015)). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In determining whether summary judgment is appropriate, we must resolve all ambiguities and draw all reasonable inferences against the moving party." *Tolbert*, 790 F.3d at 434 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

## I. Judicial Notice

The Plaintiff has moved for judicial notice by this Court of the form employment discrimination complaint that the district court provided pro se plaintiffs prior to its revision in 2010 and the form complaints currently in use in the United States District Courts for the

Eastern, Western, and Northern Districts of New York. The content of these forms is plainly a matter of indisputable fact and is relevant to the arguments the Plaintiff makes on appeal. *See* Fed. R. Evid. 201(b)(2). The motion is granted, and the Court takes judicial notice of the forms.

## II. Title VII Claims

On appeal, the Plaintiff points to evidence in the record tending to show that Donald Dettmer repeatedly entered the men's bathroom while he knew that she was in the room assisting a client, and urinated in her presence while she was unable to leave. The Plaintiff also points to evidence in the record tending to show that Dettmer repeatedly made comments about her attire suggesting that she was a sex worker. It appears the district court only considered two of these instances in granting summary judgment in favor of the Defendant. The district court characterized the Plaintiff's case as "premised entirely on . . . five comments made by Dettmer over a period of approximately six years[.]" Memorandum Opinion and Order at 10. While understandable in light of the inartful presentation of the pro se Plaintiff's summary judgment case below, in so doing, the district court, in our view, did not view the record in the light most favorable to the Plaintiff. For that reason, we vacate the grant of summary judgment.

Because evidence in the record was overlooked, we find it appropriate to remand the matter for further consideration by the district court in the first instance rather that determining ourselves whether the facts in the record support a Title VII claim that is not barred by the statute of limitations that raises a genuine issue of material fact as to whether the Plaintiff was subjected to a hostile work environment. Likewise, though the parties have briefed the issue of the *Faragher*/*Ellerth* defense and invite us to rule in the first instance on its availability and applicability, we decline to do so. "It is our settled practice to allow the district court to address arguments in the first instance." *Fulton v. Goord*, 591 F.3d 37, 45 (2d Cir. 2009) (quoting

*Farricielli v. Holbrook*, 215 F.3d 241, 246 (2d Cir. 2000) (per curiam)). Accordingly, we remand the matter to the district court to determine whether, considering the totality of the record, including and illuminated by the evidence that was previously overlooked, there is sufficient evidence to preclude entry of summary judgment in favor of the Defendant-Appellee.

We are confident that on remand the district court will be mindful of our frequent admonition that evidence of a hostile work environment should not be evaluated "in piecemeal fashion," *Redd v. N.Y. Div. of Parole*, 678 F.3d 166, 176 (2d Cir. 2012), but rather should be viewed from "the perspective of a reasonable person in the plaintiff's position, considering all the circumstances including the social context in which particular behavior occurs and is experienced by its target." *Id.* (alteration, citation, and internal quotation marks omitted).

We have considered all of the Defendant's remaining arguments in favor of an affirmance and find them without merit.

### III. Further Proceedings

Finally, we note that many of the difficulties of this case arose from the Plaintiff's self-representation below. The highly capable assistance of the Plaintiff's pro bono appellate counsel has been of great utility to this Court in deciding this appeal. We respectfully suggest that, on remand, the district court consider appointing pro bono counsel for the Plaintiff. *See, e.g.*, *Willey v. Kirkpatrick*, 801 F.3d 51, 71 (2d Cir. 2015).

For the reasons set forth herein and in the accompanying per curiam opinion, the judgment of the district court is **VACATED** and the matter **REMANDED** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4